## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CHARLES JAMES MCLEMORE III,

    Plaintiff,

-vs-

LEXISNEXIS RISK SOLUTIONS INC.

    Defendant.

Case No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, CHARLES JAMES MCLEMORE III (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendant, LEXISNEXIS RISK SOLUTIONS INC. (hereinafter "LexisNexis"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    Consumer reporting agencies that create consumer reports, like LexisNexis, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them

1

to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

3.     When a consumer, like Plaintiff, disputes information through the consumer reporting agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

4.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

5.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

6.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

7.     Venue is proper in this District as LexisNexis's principal address is in this District; the violations described in this Complaint occurred in this District; and LexisNexis transacts business within this District.

2

8.    Plaintiff is a natural person and resident of Delaware County in the Commonwealth of Pennsylvania. He is a "consumer" as defined by the FCRA.

9.    LexisNexis is a corporation headquartered at 1000 Alderman Drive in Alpharetta, Georgia 30005.

10.    LexisNexis is a "consumer reporting agency" as defined in 15 USC § 1681(f). LexisNexis is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing background reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11.    LexisNexis disburses such consumer reports to third parties under contract for monetary compensation.

## **FACTUAL ALLEGATIONS**

12.    LexisNexis is one of the largest consumer reporting agencies in the United States today.

13.    Plaintiff's name was formerly Charles Lamar Johnson.

14.    At the age of three (3) years old, Plaintiff's name was legally changed to Charles James Mclemore III.

15.    Plaintiff has been a police officer for over thirty (30) years.

16.    In or about 2009, Plaintiff traveled to California for a convention, and after he returned home, Plaintiff started to receive notices regarding accounts which did not belong to him.

3

17.    Upon information or belief, Plaintiff is a victim of identity theft or a mixed file.

18.    Upon information and belief, there is a "Charles Johnson" in California who has been using Plaintiff's personal identifying information.

19.    On or about July 31, 2019, Plaintiff received an alert regarding a hard credit check from "Carson Nissan" in California.

20.    Immediately, Plaintiff contacted Carson Nissan and spoke to "Linda Webber" at the dealership. Plaintiff advised that "Charles Johnson" used his personal identifying information to apply for an automobile loan from Carson Nissan.

21.    On or about August 3, 2019, "Charles Johnson" returned to Carson Nissan to check on the status of his loan application. At which time, Ms. Webber recognized "Charles Johnson" as the fraudulent loan about which Plaintiff had called. Immediately, Ms. Webber called law enforcement.

22.    On or about August 3, 2019, the County of Los Angeles Sheriff's Department responded to Ms. Webber's call, and an incident report, number 919-08560-1628-1117, was filed. Further, "Charles Johnson" was arrested.

23.    On or about August 3, 2019, Plaintiff filed a police report with the East Lansdowne Police Department, report number 20190803M7140, regarding the fraud and identity theft.

24.    In or about early 2025, Plaintiff observed unexpected and unusual increases in his auto insurance.

25.    Shortly thereafter, Plaintiff contacted his insurance company to ask what caused his rate to increase, and the representative advised the premium increase was due to several car accidents that occurred in California reporting to his LexisNexis consumer report.

26.    Upon review of his consumer report, Plaintiff observed Automobile Insurance Claim Records reported by Kemper Insurance Company in Woodland Hills, California, which did not belong to him.

27.    In or about March 2025, Plaintiff contacted LexisNexis via telephone and disputed the Automobile Insurance Claim Records reported by Kemper Insurance Company in Woodland Hills, California, which did not belong to him.

28.    Shortly thereafter, in support of his dispute, Plaintiff emailed copies of the incident report filed by County of Los Angeles Sheriff's Department and the police report filed with Lansdowne Police Department.

29.    On or about April 2, 2025, Plaintiff received dispute results from LexisNexis which stated the Automobile Insurance Claim Records reported by Kemper Insurance Company in Woodland Hills, California were verified as accurate.

30.    LexisNexis failed to do any independent investigation into Plaintiff's disputes.

31.    LexisNexis never attempted to contact Plaintiff during the alleged investigation.

32.    On or about April 15, 2025, Plaintiff obtained a copy of his LexisNexis consumer report and observed personal identifying information, including but not limited to two (2) birthdates, two (2) names, and fourteen (14) address records, which did not belong to him. Further, Plaintiff observed three (3) insurance policies for "Charles Johnson" with an additional insured of "Robert Lincoln Rickman" which did not belong to him. Lastly, Plaintiff observed two (2) insurance claim records from Kemper Independence Company for "Robert Rickman" which were fraudulent and did not belong to Plaintiff.

33.    Due to the continued inaccurate reporting, on or about May 21, 2025, Plaintiff mailed a detailed written dispute letter to LexisNexis. In the letter, Plaintiff requested a copy of his consumer report. Further, Plaintiff advised that the aforementioned personal identifying information, insurance policies, and Automobile Insurance Claim Records reported by Kemper Insurance Company in Woodland Hills, California were fraudulent and did not belong to him. In the letter, Plaintiff included images of his driver's license and Philadelphia Police Sergeant identification card as proof of identity. In the letter, Plaintiff included images of the

erroneous reporting, images of the incident report filed by County of Los Angeles Sheriff's Department and images of the police report filed with Lansdowne Police Department.

34.    Plaintiff mailed his detailed dispute letter to LexisNexis via USPS Certified Mail, tracking number 9407 1112 0620 8839 3870 96.

35.    Despite confirmation of delivery on May 24, 2025, Plaintiff did not receive dispute results or a copy of his consumer report in the mail from LexisNexis.

36.    On or about June 24, 2025, Plaintiff contacted LexisNexis for his dispute results, and the representative for LexisNexis advised they did not have a dispute (despite delivery confirmation) or dispute results for Plaintiff. However, the erroneous information continued to be reported.

37.    As such, during that call, Plaintiff submitted a third dispute with LexisNexis.

38.    Plaintiff provided enough information to LexisNexis to identify his file and to handle the dispute. LexisNexis failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

39.    LexisNexis failed to do any independent investigation into Plaintiff's disputes.

40.    LexisNexis never attempted to contact Plaintiff during the alleged investigation.

41.    Due to the continued inaccurate reporting, on or about June 24, 2025, Plaintiff mailed a second detailed written dispute letter to LexisNexis. In the letter, Plaintiff again requested a copy of his consumer report. Further, Plaintiff reiterated that the aforementioned personal identifying information, insurance policies, and Automobile Insurance Claim Records reported by Kemper Insurance Company in Woodland Hills, California were fraudulent and did not belong to him. In the letter, Plaintiff included an image of his driver's license and Philadelphia Police Sergeant card as proof of identity. In the letter, Plaintiff included images of the erroneous reporting, images of the incident report filed by County of Los Angeles Sheriff's Department and images of the police report filed with Lansdowne Police Department.

42.    Plaintiff mailed his detailed dispute letter to LexisNexis via USPS Certified Mail, tracking number 9407 1111 0549 5892 2005 36.

43.    As of the filing of this Complaint, Plaintiff has not received dispute results from LexisNexis regarding his second detailed dispute letter.

44.    Despite Plaintiff's best efforts to have the erroneous reporting corrected, LexisNexis continues to inaccurately report the erroneous personal identifying information, insurance policies, and automobile insurance claims in Plaintiff's consumer report. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

8

45.     Despite Plaintiff's pleas, LexisNexis has not conducted an actual investigation.

46.     Plaintiff continues to suffer as of the filing of this Complaint with LexisNexis's reluctance to conduct a thorough investigation into his disputes or otherwise make his background report accurate.

47.     LexisNexis clearly does not have policies and procedures in place to ensure the maximum possible accuracy of the consumer reports it publishes.

48.     As a result of the inaccurate consumer reporting, Plaintiff has suffered damages, including, but not limited to:

     i.   Monies lost by attempting to fix his consumer file. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, wasted time, and lost wages due to missing work in attempts to cure the reporting errors;

    ii.   Loss of time attempting to cure the errors;

    iii.   Mental anguish, added stress, aggravation, embarrassment, emotional distress, sleepless nights, headaches, fluctuations in weight, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by LexisNexis's reluctance to fix the errors;

iv.    Apprehensiveness to apply for auto insurance due to LexisNexis's errors; and

v.    Defamation as LexisNexis published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, LexisNexis Risk Solutions Inc. (Negligent)**

49.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

50.    LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

51.    LexisNexis allowed inaccurate information to be reported on Plaintiff's consumer file.

52.    Upon information and belief, LexisNexis allowed for Furnisher(s) to report inaccurate and erroneous information.  LexisNexis failed to have policies and procedures to avoid misreporting consumer records.

53.    Upon information and belief, LexisNexis is aware that it has misrepresented records on consumers, yet it fails to enforce proper policies and procedures to prevent such error.

54.    Upon information and belief, LexisNexis prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

55.    As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

56.    The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

57.    Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CHARLES JAMES MCLEMORE III, respectfully requests that this Court award actual damages against Defendant, LEXISNEXIS RISK SOLUTIONS INC., jointly and severally; award Plaintiff his attorney's fees

11

and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

<u>**COUNT II**</u>
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, LexisNexis Risk Solutions Inc. (Willful)**

58.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

59.    LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

60.    LexisNexis allowed inaccurate information to be reported on Plaintiff's consumer file.

61.    Upon information and belief, LexisNexis allowed for Furnisher(s) to report inaccurate and erroneous information. LexisNexis failed to have policies and procedures to avoid misreporting consumer records.

62.    Upon information and belief, LexisNexis is aware that it has misrepresented records on consumers, yet it fails to enforce proper policies and procedures to prevent such error.

63.     Upon information and belief, LexisNexis prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

64.     As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

65.     The conduct, action, and/or inaction of LexisNexis was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

66.     Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CHARLES JAMES MCLEMORE III, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LEXISNEXIS RISK SOLUTIONS INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

13

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, LexisNexis Risk Solutions Inc. (Negligent)

67.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

68.    After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

69.    Despite the information provided by Plaintiff regarding the inaccurate reporting, LexisNexis refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

70.    Plaintiff provided LexisNexis with the information it needed to confirm the records reported were inaccurate. LexisNexis ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his consumer file accurate.

71.     As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

72.     The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

73.     Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CHARLES JAMES MCLEMORE III, respectfully requests that this Court award actual damages against Defendant, LEXISNEXIS RISK SOLUTIONS INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, LexisNexis Risk Solutions Inc. (Willful)

74.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

75.    After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

76.    Despite the information provided by Plaintiff regarding the inaccurate reporting, LexisNexis refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

77.    Plaintiff provided LexisNexis with the information it needed to confirm the records reported were inaccurate. LexisNexis ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his consumer file accurate.

78.    As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress,

anguish, humiliation, and apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

79.    The conduct, action, and/or inaction of LexisNexis was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

80.    Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CHARLES JAMES MCLEMORE III, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LEXISNEXIS RISK SOLUTIONS INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT V
**Violations of 15 U.S.C. § 1681g as to
Defendant, LexisNexis Risk Solutions Inc. (Negligent)**

81.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

82.    After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's consumer file.

83.    Plaintiff provided to LexisNexis appropriate and sufficient proofs of identity to allow LexisNexis to create a high degree of confidence in knowing the identity of Plaintiff.

84.    Despite the sufficient proofs of identification produced by Plaintiff, LexisNexis refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his consumer report, or dispute results to Plaintiff.

85.    As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

86.    The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

87.    Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, CHARLES JAMES MCLEMORE III, respectfully requests that this Court award actual damages against Defendant, LEXISNEXIS

RISK SOLUTIONS INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT VI**
**Violations of 15 U.S.C. § 1681g as to**
**Defendant, LexisNexis Risk Solutions Inc. (Willful)**

88.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully stated herein.

89.     After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's consumer file.

90.     Plaintiff provided to LexisNexis appropriate and sufficient proofs of identity to allow LexisNexis to create a high degree of confidence in knowing the identity of Plaintiff.

91.     Despite the sufficient proofs of identification produced by Plaintiff, LexisNexis refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his consumer report, or dispute results to Plaintiff.

92.     As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; physical injury;

19

emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

93.    The conduct, action, and/or inaction of LexisNexis was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

94.    Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, CHARLES JAMES MCLEMORE III, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LEXISNEXIS RISK SOLUTIONS INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, CHARLES JAMES MCLEMORE III, respectfully requests that this Court award judgment for actual, statutory, compensatory, and

punitive damages against Defendants, LEXISNEXIS RISK SOLUTIONS INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 24th day of June 2025.

Respectfully submitted,

**/s/ _Octavio Gomez_**
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
_Attorneys for Plaintiff_